IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ROGER BURKE,<br><br>              Plaintiff,<br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. 08 C 50136<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

Roger Burke ("Claimant") seeks an award of $9,538.50 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, claiming that the Commissioner's opposition to Claimant's application for Disability Insurance Benefits ("DIB") was not substantially justified. For the reasons stated below, Claimant's motion is granted.

Claimant applied for DIB in this case on February 15, 2004. The Commissioner denied Claimant's application initially and upon reconsideration. The Administrative Law Judge ("ALJ") conducted a hearing into Claimant's application on August 15, 2006. The ALJ found that Claimant had the following severe impairments: (combination) residuals from motor vehicle accident and left heel ulceration. The ALJ then found that Claimant's impairment did not meet or medically equal the level of severity contemplated by the Listings, 20 C.F.R. pt. 404, subpt. P, app. 1, and that Claimant's residual functional capacity ("RFC") allowed him to do past relevant work. The ALJ issued a written opinion on September 11, 2006 denying Claimant benefits. The

1

Appeals Council denied Claimant's request for review and the ALJ's decision became the final decision of the Commissioner.

On July 9, 2008, Claimant filed a complaint in the United States District Court for the Northern District of Illinois seeking judicial review of the Commissioner's decision. The court issued an opinion remanding the ALJ's denial of benefits on August 21, 2009. The court found that the ALJ failed to base her RFC determination on substantial evidence in the record, and did not build a logical bridge from substantial evidence in the record to her RFC determination. The court also found that the ALJ mischaracterized the testimony of a vocational expert who testified at the hearing. Claimant now moves for an award of attorney's fees under the EAJA.

The EAJA provides that the court may award attorney's fees if the following requirements are met: 1) Claimant is a prevailing party; 2) the position of the Commissioner was not substantially justified; 3) no special circumstances exist which would make an award unjust; and 4) a fee application is submitted within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1); *see also United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). If a Claimant qualifies for an award of fees, those fees must be "reasonable." 28 U.S.C. § 2412(b). Here, the Commissioner disputes whether the second prong is satisfied. He also argues that the fees requested are unreasonable.

The Commissioner's position is substantially justified if "it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The "substantially justified" standard is different from the "substantial evidence" standard used by the court when reviewing an ALJ's decision. *Cummings v. Sullivan*, 950 F.2d

492, 498 (7th Cir. 1991). The Commissioner's position may have been substantially justified even when there was not substantial evidence in the record to support the ALJ's conclusion. *Id*. "The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified." *Stewart*, 561 F.3d at 683.

In this case, the Commissioner has not met his burden of showing that his position was substantially justified. The ALJ found that Claimant had the following RFC:

> occasionally lift/carry (including upward pulling) 20 pounds; frequently lift/carry (including upward pulling) 10 pounds; sit (with normal breaks) for a total of 6 hours in an 8-hour workday; stand and/or walk (with normal breaks) for a total of 6 hours in an 8-hour workday; push/pull (including operations of hand and/or foot controls) unlimited other than as shown for lifting/carrying; no climbing ladders, rope, scaffolds; frequently balancing, stooping and kneeling; occasionally climbing ramp/stairs, crouching, or crawling.

*Burke v. Astrue*, No. 08-C50136, 2009 WL 2601300, 2009 U.S. Dist. LEXIS 74530, at *22–23 (N.D. Ill. Aug. 21, 2009).

Upon review, the court found that "the 'objective medical evidence' considered by the ALJ in her opinion [was] sparse." *Id*. at *23. The only objective medical evidence on which the ALJ relied was an accident report from March 14, 1966 and Dr. Lacart's report that Claimant had one leg shorter than the other. Importantly, the ALJ "cite[d] no evidence to support the specific limitations that she determined constituted Claimant's RFC." *Id*. at *25. Specifically, there was no indication in the ALJ's opinion how the ALJ determined Claimant's lifting, sitting, and standing limitations. The court conceded that there may be evidence in the record to support the ALJ's determination, including reports by Dr. LaFata, Dr. Pardo, Dr. Karesh, Dr. Grayson, Dr. Kerpe, and Dr. Karri. However, if the ALJ relied on those reports, she erred in not drawing a

logical bridge from them to her RFC determination. The ALJ did not articulate a reasonable connection between those reports that may have supported her RFC determination and her legal theory.

Also, the ALJ's finding that Claimant could perform past relevant work was based on a mischaracterization of the VE's testimony. The ALJ purported to rely on the VE's testimony to find that Claimant could perform past relevant work. However, the VE's testimony states just the opposite. That is, skills used by Claimant at his past relevant work could transfer to other employment in the national economy, but Claimant could not perform his past relevant work.

Because the ALJ did not cite a single piece of objective medical evidence to support her RFC determination, and because the ALJ erred in relying on the VE to find that Claimant could perform past relevant work, the ALJ's Step Four determination was not substantially justified.

The Commissioner argues that the fees requested by Claimant are not reasonable. The reasonableness of fee requests under the EAJA is determined in the same manner as that described in *Hensely v. Eckerhart,* 461 U.S. 424 (1983). *INS v. Jean*, 496 U.S. 154 (1990). A court begins by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensely*, 461 U.S. at 433. Hours that are excessive, redundant, or otherwise unnecessary are not "reasonably expended" and should therefore be excluded from this calculation. *Id*. The district court should also consider other factors such as the degree of success obtained by the prevailing party's counsel, the novelty and difficulty of the questions presented, the skill required by the particular case, the customary fee, whether the fee is fixed or contingent, the experience of the attorneys, and awards in similar cases. *Id*. at 434 n.9 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Upon weighing the

above considerations, the district court should exercise its discretion in making an equitable judgment without the constraints of any precise rule or formula. *Id*. at 436-37.

The EAJA provides a statutory cap of $125 per hour on attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, the statute allows rates in excess of $125 per hour where the court determines that an increase in the cost of living justifies a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A)(ii).

In this case, Claimant adjusted the rate of attorneys' fees for an increased cost of living using the Consumer Price Index to $170 per hour. (Pl.'s Mot. Ex. C.) There was also time billed by two legal assistants at $85 per hour. (*Id*.) The Commissioner does not dispute that the hourly rates are reasonable. The court affirms the hourly rates of $170 per hour for the work of attorneys and $85 per hour for the work of legal assistants.

Claimant's billing sheet shows 49.9 hours spent by attorneys and 2.1 hours spent by legal assistants. (Pl.'s Mot. Ex. C.) The Commissioner argues that the total number of hours spent by attorneys is unreasonable. Specifically, the Commissioner argues that the 34.4 hours spent by Claimant's attorneys reviewing the administrative transcript, performing legal research, and drafting and revising Claimant's memorandum in support of his motion for summary judgment are unreasonable. The Commissioner also argues that the 9.3 hours spent by Claimant's attorneys preparing Claimant's reply brief are unreasonable.

The hours spent by Claimant's attorneys reviewing the administrative record, performing legal research, and drafting and reviewing Claimant's memorandum in support of his motion for summary judgment are reasonable. Claimant's memorandum is 13 pages long, with the lines spaced at something less than 1.5. In addition to demonstrating a thorough understanding of the

5

procedural posture of the case and the medical evidence, the memorandum raises five issues. The court finds that 34.4 hours is a reasonable amount of time to expend reviewing the record, researching, and drafting the brief that was filed.

The hours spent by Claimant's attorneys reviewing the Commissioner's response brief, researching, outlining, and drafting Claimant's reply brief are also reasonable. Claimant's reply brief is 9 pages long and is again spaced at something less than 1.5. It is well researched and well written, and sufficiently responds to the Commissioner's response brief. The court finds that the 9.3 hours is a reasonable amount of time to expend researching, outlining, and drafting Claimant's reply brief.

Claimant also seeks a supplemental fee in the amount of $527 for 3.1 hours spent reviewing the Commissioner's response to Claimant's motion for EAJA fees, reviewing the court's order, reviewing the case law, and drafting the reply brief in support of Claimant's motion for fees. This amount is reasonable.

The court finds that the Commissioner's position in this case was not substantially justified. The court also finds that Claimant's requested fees in this case are reasonable. The court grants Claimant's motion for fees under the EAJA in the amount of $9,538.50, representing 53 hours by attorneys at $170 per hour ($9,010) plus 2.1 hours by legal assistants at $85 per hour ($178.50) plus the filing fee of $350.

**E N T E R:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**DATE**: March 31, 2010